UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTOBAL RAMOS-QUIROZ,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 1:24-cv-00701-JLT-SAB<br><br>ORDER DIRECTING PLAINTIFF TO FILE A COMPLAINT WITHIN **THIRTY** DAYS |

The instant action was transferred to this Court by the United States Court of Federal Claims on June 17, 2024. (ECF Nos. 1, 7.)

**I.**

**BACKGROUND**

Plaintiff previously filed an action in this Court pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), which was dismissed on September 20, 2021, for failure to state a cognizable claim for relief. See Quiroz v. United States of America, No. 1:21-cv-00364-AWI-SAB (PC).

///

///

///

1

1    On January 13, 2023, Plaintiff filed an action in the United States Court of Federal Claims
2 seeking relief for unjust conviction and imprisonment under 28 U.S.C. §§ 1495 and 2513.  Prior
3 to a response from the government, the action was dismissed for Plaintiff to seek the
4 jurisdictionally required certificate of innocence.  (ECF No. 6 at 6.)

5    On May 13, 2024, Plaintiff filed a notice of appeal to the United States Court of Appeals
6 for the Federal Circuit.  (Id.)  Therein, Plaintiff attached a November 16, 2023, letter from ICE
7 denying his December 13, 2022 Federal Tort Claims Act (FTCA) claim alleging he was
8 wrongfully deported based on a wrongful conviction.  (Id.)

9    On June 13, 2024, the United States Court of Federal Claims found that Plaintiff
10 "intended to comply with the instructions included in the November 13, 2023 ICE letter and
11 challenge the agency's denial of his FTCA claim by filing suit in the 'appropriate United States
12 District Court.' " (ECF No. 6 at 7.)  The Court found that because it was not the proper forum to
13 hear the FTCA suit, rather than dismiss the action, it was transferred to this Court and docketed as
14 a new case.  (Id. at 8.)  More specifically, the Court stated "[t]he reason for these unorthodox
15 actions is simple: [Plaintiff] improvidently docketed and transmitted notice of appeal does not
16 relate to the action originally filed (and voluntary dismissed) in this Court and is clearly
17 untimely."  (Id.)

18    As the case presently stands, there is no operative complaint on file upon which this Court
19 can determine what, if any, claims Plaintiff intends to bring in this action.[1]  Thus, in order for this
20 action to proceed, Plaintiff must submit an operative complaint.  Plaintiff's complaint should be
21 brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the
22 deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79.  Although accepted as
23 true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative
24 level . . . ." Twombly, 550 U.S. at 555 (citations omitted).  Further, Plaintiff is informed that the
25 Court cannot refer to a prior pleading in order to make Plaintiff's complaint complete. Local Rule
26 220 requires that a complaint be complete in itself without reference to any prior pleading.

---

[1] Because Plaintiff is proceeding in forma pauperis the Court is obligated to screen Plaintiff's operative complaint sua sponte pursuant to 28 U.S.C. § 1915(e)(2).

**II.**

**ORDER**

Based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30)** days from the date of service of this order, Plaintiff shall submit an operative complaint which shall not exceed twenty-five (25) pages in length; and

2. Failure to comply with this order will result in a recommendation to dismiss the action for failure to prosecute and failure to comply with a court order.

IT IS SO ORDERED.

Dated: __August 22, 2024__                     _____
                                                                    UNITED STATES MAGISTRATE JUDGE