UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTOBAL RAMOS-QUIROZ,<br><br>            Plaintiff,<br><br>     v.<br><br>UNITED STATES IMMIGRATION, et al.,<br><br>            Defendants. | No.  1:24-cv-00701-JLT-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF COMPLAINT FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF AND DENIAL OF PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF<br><br>(ECF Nos. 13, 14) |

Plaintiff previously filed an action in this Court pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), which was dismissed on September 20, 2021, for failure to state a cognizable claim for relief.  See Quiroz v. United States of America, No. 1:21-cv-00364-AWI-SAB (PC).

On January 13, 2023, Plaintiff filed an action in the United States Court of Federal Claims seeking relief for unjust conviction and imprisonment under 28 U.S.C. §§ 1495 and 2513.  Prior to a response from the government, the action was dismissed for Plaintiff to seek the jurisdictionally required certificate of innocence.  (ECF No. 6 at 6.)

On May 13, 2024, Plaintiff filed a notice of appeal to the United States Court of Appeals for the Federal Circuit.  (Id.)  Therein, Plaintiff attached a November 16, 2023, letter from ICE denying his December 13, 2022 Federal Tort Claims Act (FTCA) claim alleging he was wrongfully deported based on a wrongful conviction.  (Id.)

On June 13, 2024, the United States Court of Federal Claims found that Plaintiff "intended to comply with the instructions included in the November 13, 2023 ICE letter and

1

challenge the agency's denial of his FTCA claim by filing suit in the 'appropriate United States District Court.'" (ECF No. 6 at 7.) The Court found that because it was not the proper forum to hear the FTCA suit, rather than dismiss the action, it was transferred to this Court and docketed as a new case. (Id. at 8.) More specifically, the Court stated "[t]he reason for these unorthodox actions is simple: [Plaintiff] improvidently docketed and transmitted notice of appeal does not relate to the action originally filed (and voluntary dismissed) in this Court and is clearly untimely." (Id.)

On August 22, 2024, as there was no operative complaint in this action, the Court ordered Plaintiff to file a proper complaint in order for the Court to determine whether Plaintiff can state a cognizable claim for relief. (ECF No. 10.)

Plaintiff filed an operative complaint on September 16, 2024, which is before the Court for screening under 28 U.S.C. § 1915. (ECF No. 13.) On October 24, 2024, Plaintiff filed a motion for administrative relief under Federal Rule of Civil Procedure 60. (ECF No. 14.)

## I.
## SCREENING REQUIREMENT

When a plaintiff proceeds in forma pauperis, the Court is required to review the complaint, and shall dismiss the complaint if it is "frivolous, malicious or fails to state a claim on which relief may be granted; or...seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2). The Court must screen the first amended complaint because an amended complaint supersedes the previously filed complaint. See Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). A plaintiff's claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

## II.
## SUMMARY OF ALLEGATIONS

Plaintiff names the United States Immigration, the United States District Court for the Eastern District of California, Fresno, Otay Mesa Detention Center, and Adelanto Detention

1  Center, as Defendants.

2  On the form complaint, Plaintiff seeks relief because "I been granted writ coram nobis and vacate wrongful deportation, and due process, unjustice [sic] conviction." (ECF No. 13 at 4.) Plaintiff further states as the basis for relief: "wrongful deportation, wrongful conviction, second wrongful deportation, wrongful detain, wrongful bond, wrongful detain the second time." (Id. at 5.)

Plaintiff further contends under the Freedom of Information Act, a date of request cut-off policy as opposed to a date-of-breach cut-off policy was unreasonable under the facts of this case. (ECF No. 13 at 9.) In support of his assertion, Plaintiff cites the entire text of Title 5 of the United States Code, section 552a(d)(2), (3), and (4). (Id. at 9-25.)

**III.**

**DISCUSSION**

**A.    Title 5 of the United States Code Section 552a**

Based on the allegations in the complaint, it now appears Plaintiff attempts to seek relief under the Federal Privacy Act (5 U.S.C. § 551, et seq.).

The Privacy Act requires federal agencies to maintain records used in making determinations "with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual" when making such determinations. 5 U.S.C. § 552a(e)(5); see also Deters v. U.S. Parole Commission, 85 F.3d 655, 657 (D.C.Cir.1996). Section 552a(d) allows individuals to access agency records about themselves and to request amendment of records "they believe to be inaccurate, irrelevant, untimely, or incomplete." Doe v. Federal Bureau of Investigation, 936 F.2d 1346, 1350 (D.C. Cir.1991).

"The Privacy Act allows amendment of factual or historical errors. It is not a vehicle for amending judgments of federal officials or others as those judgments are reflected in records maintained by federal agencies." Kleiman v. Department of Energy, 956 F.2d 335, 337–38 (D.C. Cir. 1992) (citations and internal quotations omitted). Applying that principal, a district court has observed that the Privacy Act "must be more than an end-run around an unfavorable agency decision.... [I]t may not be employed as a skeleton key for reopening consideration of unfavorable

federal agency decisions." Castella v. Long, 701 F.Supp.578, 585 (N.D.Tex.1988).

Here, it is clear from the allegations that the gravamen of Plaintiff's complaint is a challenge to the immigration removal proceedings/orders.[1] Pursuant to 8 U.S.C. § 1252(g), "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." Because Plaintiff challenges the decision to removal proceedings and orders, 8 U.S.C. § 1252(g) specifically strips the district court of jurisdiction over those claims. Further, Plaintiff seeks monetary damages for his emotional distress and other nonpecuniary harm. Based on the above allegations, however, Plaintiff's request for damages also arises from the removal proceedings and the Court is likewise without jurisdiction to entertain such a claim. 8 U.S.C. § 1252(g); see also Patino v. Chertoff, 595 F.Supp.2d 310, 313–14 (S.D.N.Y.2009) (dismissing claims for injunctive and declaratory relief as arising from or in connection with removal proceedings and thus precluding jurisdiction under 8 U.S.C. § 1252(g)). Therefore, Plaintiff's attempt to use the Privacy Act to challenge a conviction, a deportation order imposed therefrom, or any other action or decision recorded in an agency file is barred by law. See Walker v. U.S., 93–2728, 1998 WL 637360, at * 14 (E.D. La. Sept. 16, 1998).[2] The Court also finds that leave to amend would be futile because Plaintiff cannot state a

---

[1] As stated in Plaintiff's previous case, Quiroz v. United States, 1:21-cv-00364-AWI-SAB (PC), "Plaintiff filed a petition to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255, in case number 1:02-cr-05179-NONE, wherein Plaintiff claimed that 2002 conviction for illegal reentry into the United States in violation of 8 U.S.C. 1326 was predicated on an unlawful removal. (Case No. 1:02-cr-05179-NONE, Doc. No. 27.) The Court construed Plaintiff's petition as a request for a writ of error coram nobis, granted the writ, and vacated the conviction and sentence."  (See 1:21-cv-00364-AWI-SAB (PC), ECF No. 18 at 2-3.)

[2] As stated above, on October 24, 2024, Plaintiff filed a motion for administrative relief under Rule 60. Under Rule 60(a), the Court may grant reconsideration of final judgments and any order based on clerical mistakes. Relief under this rule can be granted on the Court's own motion and at any time. See Fed. R. Civ. P. 60(a). Under Rule 60(b), the Court may grant reconsideration of a final judgment and any order based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within ten days of entry of judgment; and (3) fraud, misrepresentation, or misconduct of an opposing party. See Fed. R. Civ. P. 60(b)(1)-(3). Under Rule 60(b), the Court may also grant reconsideration if: (1) the judgment is void; (2) the judgement has been satisfied, released, or discharged, an earlier judgment has been reversed or vacated, or applying the judgment prospectively is no longer equitable; and (3) any other reason that justifies relief. See Fed. R. Civ. P. 60(b)(4)-(6). Plaintiff has failed to demonstrate that he is entitled to relief under Rule 60, as the prior action was properly dismissed for failure to state a cognizable claim for relief and the appeal was dismissed for lack of jurisdiction. (See Case No. 1:21-cv-00364-AWI-SAB (PC), ECF Nos. 19, 25.)  In addition, to the extent Plaintiff seeks reconsideration based on the claim that he is entitled to relief under 5 U.S.C. § 552a, such claim is without merit for the reasons stated herein.

1  claim as a matter of law.  See Rosati v. Igbinoso, 791 F.3d 1037, 1039 (9th Cir. 2015) (quoting
2  Akhtar v. Mesa, 698 F.3d 1202, 1212–13 (9th Cir. 2012)); see also Cervantes v. Countrywide
3  Home Loans, Inc., 656 F.3d 1034, 1041 (9th Cir. 2011) ("Although leave to amend should be
4  given freely, a district court may dismiss without leave where a plaintiff's proposed amendments
5  would fail to cure the pleading deficiencies and amendment would be futile.").  Thus, this action
6  should be dismissed without leave to amend.

## IV.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant action be dismissed, without leave to amend, for failure to state a cognizable claim for relief; and

2. Plaintiff's motion for administrative relief under Rule 60 be denied.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court, limited to 15 pages in length, including exhibits.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **January 23, 2025**

STANLEY A. BOONE
United States Magistrate Judge

5