UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTOBAL RAMOS-QUIROZ, | No. 1:24-cv-00701-JLT-SAB (PC) |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION |
| v. | |
| UNITED STATES OF AMERICA, | (Doc. 15) |
| Defendant. | |

The instant action was transferred to this Court by the United States Court of Federal Claims. (ECF No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff filed the operative complaint on September 16, 2024. (Doc. 13.) On October 24, 2024, Plaintiff filed a motion for administrative relief under Federal Rule of Civil Procedure 60. (Doc. 14.)

On January 23, 2025, the Magistrate Judge filed Findings and Recommendations, recommending the Plaintiff's complaint be dismissed because the Court is barred by 8 U.S.C. § 1252(g) from considering the consequences he suffered caused by his removal from this country. Thus, the Magistrate Judge determined that the complaint failed to state a cognizable federal claim. (Doc. 15.) Plaintiff filed objections on February 13, 2025, in which he continues to press

the issues raised in his complaint. (Doc. 13.) Plaintiff seems to assert that the Court does not understand his legal basis for filing this action. To the contrary, the Findings and Recommendations discuss the factual situation but, despite these facts, notes as it was obligated to do, that this Court lacks the authority to provide him the relief he seeks. (Doc. 15 at 4) His objections fail to dispute this.

In his objections, he explains that not having counsel has complicated his ability to plead his case properly and that he has experienced homelessness, which compounded this difficulty. *Id*. The plaintiff asserts, apparently, that he is entitled to counsel due to his disability[1] but, unfortunately, this is a civil case in which there is no right to appointed counsel. On the other hand, based upon the claims raised by the plaintiff, even were he to have representation by seasoned counsel, the Court can see no way that the complaint could be amended to provide the Court the necessary authority to consider it. (8 U.S.C. § 1252(g).)

According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a de novo review of this case. Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis. Accordingly, the Court ORDERS:

1. The Findings and Recommendations, filed on January 23, 2025, (Doc. 15), are **ADOPTED IN FULL**.
2. The instant action is dismissed for failure to state a cognizable claim for relief.
3. The Clerk of Court shall close this case.

IT IS SO ORDERED.

Dated:   **May 21, 2025**

UNITED STATES DISTRICT JUDGE

---

[1] The plaintiff asserts, seemingly, that he is entitled to counsel due to his emotional disability but, unfortunately, this is a civil case in which there is no right to appointed counsel. Even still, Plaintiff has not provided any documentation supporting his claim of disability. Instead, he articulates his case sufficiently, but simply does not understand why the facts he alleges fail to give rise to a cause of action in this Court. Though the plaintiff does not appear to appreciate why these legal issues preclude his claim, most non-lawyers would have this same difficulty. Thus, on its face and on the current showing, it does not appear that the plaintiff is entitled to appointed counsel.